UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| JOHN A. PETRUCELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-0729 (CKK) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION OF DARIAN HODGE

I, Darian Hodge, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief:

1.     I am the FOIA Officer for the United States Attorney's Office for the Southern District of New York ("USAO-SDNY").  In that position, I have served as the USAO-SDNY's Freedom of Information Act ("FOIA") point of contact with the Executive Office for United States Attorneys ("EOUSA") since 2014.  As the FOIA Officer, my duties include searching the USAO-SDNY for records responsive to FOIA requests and providing them to EOUSA for further review and action.

2.     The statements I make in this declaration are made based on my review of the official files and records of the USAO-SDNY, my own personal knowledge, or by knowledge acquired by me through the performance of my official duties.

## FOIA REQUEST EOUSA-2017-00301

3.     I have reviewed Plaintiff's FOIA Request EOUSA-2017-00301 seeking copies of "the untranscribed transcripts and tape recording of [Petrucelli's] criminal trial arraignment, which occurred on [February 1, 2002,] in the Southern District of N.Y., USA v. Petrucelli, 02cr99."  I

interpreted this language to request any audio recording or transcript of the arraignment conducted in Petrucelli's criminal case (*United States v. John Petrucelli*, No. 1:02cr99, Date Filed: 01/31/2002 and Terminated: 02/10/2003 in which he was indicted, tried, and convicted by the Honorable Judge Thomas P. Griesa of murder in aid of racketeering.

4.      After reviewing FOIA Request 2017-301, I performed electronic searches in Lexis CourtLink (a public access platform for court electronic records) using the search term "Petrucelli" in all possible permutations with "John" "John A." "John Anthony," and the Lexis CourLink results included the case number contained in FOIA Request 2017-301, Crim. No. 1:02-cr-99. Next, using this case number as a search term, I searched CaseView, a district specific electronic database containing information about all of the cases (civil and criminal) handled by the SDNY. The information in CaseView indicated that USAO-SDNY had sent sixteen boxes of records associated with 1:02-cr-99 to the Federal Records Center on 11/28/2011.  CaseView also contained the accession number "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" placed on each of the sixteen boxes before they were sent to the Federal Records Center.  The results from CourtLink and CaseView pertaining to Petrucelli included other matters unrelated to the criminal case, 1:02-cr-99, in which the arraignment took place.   Because the FOIA request specified criminal case 1:02-cr-99 and the policies and procedures followed by the USAO-SDNY for compiling official records for matters, I determined that the only location likely to contain an audio recording or transcript of the arraignment in criminal case 1:02-cr-99 was the case files that had been sent to the Federal Records Center in November 2011.

5.      I requested, through the Records Manager, that the Federal Records Center return the sixteen boxes under the identifier "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" to the USAO-SDNY.  Once the boxes arrived from the Federal Records Center, I searched each file in each box by hand.  I looked for any storage

medium that might contain an audio recording, which I expected to be either a cassette tape or a microcassette tape. Concomitantly, I searched for any optical storage media including CDs, and DVDs. At the same time, I examined each record to determine if it was, or included, a transcript of a court proceeding. My supervisor, the Records Manager for the SDNY, also reviewed the boxes looking for audio tapes and court transcripts. Neither of us located any audio recordings in any of the sixteen boxes. Although we located transcripts from the trial, none of the transcripts were from Plaintiff's arraignment, and we did not see any indication that any order was placed by the USAO-SDNY for reproduction of the audio or preparation of a transcript of the arraignment.

6.      Based on the information in CaseView, I identified two current Assistant United States Attorneys ("AUSA") who were assigned to then pending matters involving Plaintiff's filing of petitions under 28 U.S.C. § 2255. I sent both AUSAs an email dated April 17th, 2017 attaching Plaintiff's FOIA request, and asked if their files contained either an audio recording or a transcript of Plaintiff's arraignment. I received an e-mail back from one of the AUSA, which copied the other AUSA, indicating that they did not know of any records responsive to Plaintiff's FOIA Request 2017-301.

7.      After I became aware that Plaintiff had filed this case, my supervisor and I again carefully, and independently of each other, reviewed the contents of the sixteen boxes of records from the SDNY's prosecution of the Plaintiff. We did not locate either an audio recording or a transcript of Plaintiff's arraignment.

8.      At my request, the USAO-SDNY Systems Division searched all of the active computer network files using the search terms "Petrucelli" in all possible permutations with "John" "John A." "John Anthony," but no responsive records were identified. Searching the network is conducted during off duty hours. The search terms are sifting through well over 10 terabytes of

stored data and this data processing does not allow for anything else on the network to function. This electronic search of current network records in did not uncover any records responsive to the FOIA request.

9.      I also reviewed agency records involving other FOIA requests the Plaintiff had submitted in the past seeking records from USAO-SDNY in his criminal case.  In those records, I found a letter from Plaintiff dated October 10, 2016 to USAO-SDNY, in which he stated that he had requested and received an audio tape from a court reporter that did not contain the recording of the arraignment that Plaintiff was seeking.  A copy of that letter is attached as Exhibit A.  I noticed that Plaintiff's letter seemed to associate "Acti28-753" with the audio tape.  I do not recognize "Acti28-753" as referring to or identifying any records within the SDNY, but I ran "Acti28-753" as a search term in CaseView, which did not return any results.

10.     Also as part of my review of agency records from other FOIA requests Plaintiff had made, I also found an affidavit from a private investigator named Neal L. Gossett.  A copy of Mr. Gossett's affidavit is attached as Exhibit B.  The Gossett Affidavit states that Mr. Gossett had gone to the courthouse for the Southern District of New York in 2014 and requested from the courtroom technology staff "a copy of the audio recording from the 02/01/2002 federal court arraignment" in Case No. 1:02-cr-99.  Mr. Gossett further stated that he had listened to the audio tape he obtained from the court and found that he was "unable to distinguish any such conversations, references and/or discussions relating to Mr. John Petrucelli."  Based on the Gossett affidavit, it appears that the district court's files do not contain an audio recording of Plaintiff's arraignment.

11.     Based on my knowledge of the records maintained by the USAO-SDNY, the four searches of the sixteen boxes containing all of the materials compiled from the USAO-SDNY's prosecution of Plaintiff in 1:02-cr-99, the response to my e-mail to AUSAs in the office assigned

to Petrucelli matters open at the time of the search, and my additional research, I believe all places

likely to contain records responsive to FOIA Request 2017-301 have been searched and that I have

exhausted all obvious leads.

### FOIA REQUESTS EOUSA-2018-2349 AND EOUSA-2018-2868

12.     I have reviewed Plaintiff's FOIA Request EOUSA-2018-2349 asking for "copies

of all payments made by me to [the USAO-SDNY]" and a second request, EOUSA-2018-2868, in

which Plaintiff provided a certificate of identity form and appeared to request the same records.

13.     Based on my familiarity with the operations of the USAO-SDNY, I identified the

Financial Litigation Unit ("FLU") as that the only part of the office likely to have any responsive

records because the FLU maintains a database known as FLU database.  That database contains

information obtained from the U.S. District Court for the Southern District of New York about

restitution payments made pursuant to judgments of convictions entered in criminal cases.

Individuals make their restitution payments directly to the district court, and the USAO-SDNY

does not maintain any paper records or files concerning restitution payments.  Restitution in

criminal cases is paid to the U.S. District court for the Southern District of New York, and the

FLU of the USAO-SDNY does not have records or copies of records of restitution payments.

14.     Using Plaintiff's name and federal prisoner number provided in the certificate of

identity, a data analyst in the FLU created and formatted a report using information about

Plaintiff's restitution payments from the FLU database.  A copy of that report is attached as Exhibit

C, and it contains a list of Plaintiff's restitution payments between January 10, 2011 and March

10, 2013.  I forwarded it to staff at EOUSA to be provided to Plaintiff in response to Requests

2018-2349 and 2018-2868, and EOUSA provided it to Plaintiff in a response dated July 3, 2018.

15.     None of the other units or divisions in the USAO-SDNY other than the FLU have

any involvement in restitution payments.  Other than the database, the FLU does not maintain any

other records relating to restitution payments by individuals.  Therefore, the USAO-SDNY has searched all of the places likely to contain records responsive to Plaintiff's request for a list of restitution payments in his criminal case.

Further declarant sayeth not,

_Darian Hodge_____    July 01, 2020____
Darian Hodge                                                        Dated

John Petrucelli - Reg# 52397-054
Allenwood FCI Medium
P.o Box 2000
Whitedeer, PA  17887

DOJ/EOUSA/FOIA STA
2016 NOV -8  PM 1:59

EOUSA FOIA officer
DOJ Room 7300
600 E St N.W
Wash. D.C  20530

10/24/16

Dear EOUSA officer,

    This request is made under the Freedom of Information Act (FOIA)
5 U.S.C Section 552I and the Privacy Act 5 U.S.C Section 552a]
    Please send me copies of the untranscribed transcripts
and tape recording of my criminal trial arraignment, which
occured on 2/1/02. In the Southern District of N.Y.
U.S.A v Petrucelli 02 cr 99. I attempted to obtain these
materials via Court reporter Act 28-753. I was given a
tape, my arraignment was not on. I have no other
avenue to use other than FOIA. (Cottone: 193 F 3d 556).
    As you know, the freedom of Information Act provides that if
Portions of a document are exempt from release, the remainder must
be segregated and disclosed. therefore, I will expect you to send me
all nonexempt portions of the records which I have requested,
and ask you to justify any deletions with refence to specific
exemptions of FOIA. The information requested is not for commercial benefit.
I will pay any reasonable cost in connection with this request.

    Sincerely,
    John Petrucelli

C.A. 18-729 (CKK)
Hodege Dec. Exhibit A

INMATE NAME/NUMBER: _John Petrulli. Reg#.52397.054_

FEDERAL CORRECTION COMPLEX-ALLENWOOD _Medium_

P.O. BOX _2000_

WHITE DEER, PA 17887

HARRISBURG PA 171

25 OCT 2016 PM 1 L

INSPECTED 16

X-RAYED

OCT 2 4 2016

OCT # 1 2016

DOJ MAILROOM

Executive office for U.S Attorney's

FOIA/Privacy Staff

DOJ

Room 7300, 600 E Street, N.W

Wash, D.C 20530.0001

INSPECTED 4

LEGAL MAIL

20530-

# AFFIDAVIT

**I, NEAL L. GOSSETT-PRIVATE INVESTIGATOR,** NYS LICENSE NO. 11000097315, SWEAR AND AFFIRM UNDER PENALTY OF PURJURY, THAT THE FORGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY BELIEF, INFORMATION AND KNOWLEDGE:

That, I am a licensed New York State Private Investigator, owner and President of Absolute Private Special Investigations, Inc. (APSI). APSI is located at 100 Casals Place-Apt 23H, Bronx N.Y. 10475. The contact phone number is (646) 436-3765 and the email address is: gossettneal@yahoo.com.

That, APSI is an independently owned and operated, licensed and bonded, full service private investigation business that offers expert investigative service to businesses, law firms, private attorneys and private individuals.

That, on June 09, 2014 I visited the below named institution:

UNITED STATES DISTRICT COURT
Southern District of New York
Daniel Patrick Moynihan Building
UNITED STATES COURTHOUSE
500 Pearl Street
New York, N.Y. 10007

That during my visit, I met with personnel from the courtroom technology unit and requested a copy of the audio recording from the 02/01/2002 federal court arraignment proceeding pertaining to the following named individual:

|   |   |
|---|---|
| Defendant: | John Petrucelli |
| Case no. | 02 CR 99 |

That with regard to the audio cassette recording that I obtained from courtroom technology unit personnel on June 09, 2014, I listened to it for any conversations, references and/or discussions relating to the above named individual, Mr. John Petrucelli. As such, I was unable to distinguish and such conversations, references and/or discussions relating to Mr. John Petrucelli.

07-07-2014
DATE

Neal L. Gossett
Absolute Private Special Investigations, Inc.
President

STATE OF NEW YORK
COUNTY OF: Bronx

I, the undersigned Notary Public, do hereby affirm that Neal L. Gossett personally appeared before me on the 7th day of July, 2014, and signed the above Affidavit as his free and voluntary act and deed.

Notary Public

## Case

USA VS JOHN ANTHONY PETRUCELLI

DNYS102CR000099-001JOHN ANTHONY PETRUCELLI

**Party Code:**

CONV031092

**Comments:**

Date of Conversion: 3-3-2011

## Summary Debt Balances

| Debt Type | Case Number | Total Imposed | Total Collected | Total Outstanding |
|---|---|---|---|---|
| SPECIAL PENALTY ASSESSMENT | DNYS102CR000099-001 | $100.00 | $100.00 | $0.00 |
| VICTIM RESTITUTION | DNYS102CR000099-001 | $8,000.00 | $7,284.27 | $715.73 |
| **Totals** | | **$8,100.00** | **$7,384.27** | **$715.73** |

## Offender Payment History

| Date | Penalty Type | Case Number | Receipt | Paid |
|---|---|---|---|---|
| 03/12/2018 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B031218DNYS102CR000099001504 | $25.00 |
| 12/11/2017 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B121117DNYS102CR000099001467 | $25.00 |
| 11/06/2017 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B110617DNYS102CR000099001124 | $505.00 |
| 09/11/2017 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B091117DNYS102CR000099001472 | $25.00 |
| 06/12/2017 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B061217DNYS102CR000099001440 | $25.00 |
| 03/13/2017 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B031317DNYS102CR000099001428 | $25.00 |
| 12/12/2016 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B121216DNYS102CR000099001420 | $25.00 |
| 09/12/2016 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B091216DNYS102CR000099001456 | $25.00 |
| 06/13/2016 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B061316DNYS102CR000099001446 | $25.00 |
| 03/07/2016 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B030716DNYS102CR000099001484 | $25.00 |
| 12/07/2015 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B120715DNYS102CR000099001468 | $25.00 |
| 09/08/2015 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B090815DNYS102CR000099001474 | $25.00 |
| 06/08/2015 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B060815DNYS102CR000099001464 | $25.00 |
| 03/03/2015 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B030315DNYS102CR000099001478 | $25.00 |
| 12/09/2014 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B120914DNYS102CR000099001448 | $25.00 |
| 09/08/2014 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B090814DNYS102CR000099001450 | $25.00 |
| 06/09/2014 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B060914DNYS102CR000099001445 | $25.00 |
| 03/10/2014 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B031014DNYS102CR000099001462 | $25.00 |
| 12/09/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B120913DNYS102CR000099001413 | $25.00 |
| 11/12/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B111213DNYS102CR000099000197 | $35.00 |
| 10/07/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B100713DNYS102CR000099001116 | $35.00 |
| 09/09/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B090913DNYS102CR000099001429 | $35.00 |
| 08/12/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B081213DNYS102CR000099001101 | $35.00 |
| 07/08/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B070813DNYS102CR000099001104 | $35.00 |
| 06/10/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B061013DNYS102CR000099001409 | $35.00 |
| 05/06/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B050613DNYS102CR000099001106 | $35.00 |
| 04/08/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B040813DNYS102CR000099001121 | $35.00 |
| 03/11/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B031113DNYS102CR000099001416 | $35.00 |
| 02/11/2013 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B021113DNYS102CR000099001100 | $35.00 |
| 12/10/2012 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B121012DNYS102CR000099001406 | $75.00 |
| 09/10/2012 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B091012DNYS102CR000099001403 | $75.00 |
| 06/05/2012 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B060512DNYS102CR000099001217 79 | $75.00 |
| 03/06/2012 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B030612DNYS102CR000099001225 72 | $75.00 |
| 12/06/2011 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B120611DNYS102CR000099001214 77 | $75.00 |
| 09/12/2011 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B091211DNYS102CR000099001214 10 | $75.00 |
| 06/13/2011 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B061311DNYS102CR000099001210 69 | $65.00 |
| 03/09/2011 | VICTIM RESTITUTION(BOP) | DNYS102CR000099-001 | B030911DNYS102CR000099001217 70 | $65.00 |
| 01/10/2011 | VICTIM RESTITUTION | DNYS102CR000099-001 | 837 | $5,399.27 |
| 01/10/2011 | SPECIAL PENALTY ASSESSMENT | DNYS102CR000099-001 | 837 | $100.00 |

| Total Paid | | | $7,384.27 | |
|---|---|---|---|---|

Page 2