UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **John A. Petrucelli,** | : | |
|        **Plaintiff,** | : | |
| v. | : | Civil Action No. 18-0729 (CKK) |
| **Department of Justice,** | : | |
|        **Defendant.** | : | |

**MEMORANDUM OPINION**

Plaintiff brought this action *pro se* to compel records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from Department of Justice ("DOJ") components Bureau of Prisons ("BOP") and Executive Office for United States Attorneys ("EOUSA"). On March 20, 2020, the Court granted DOJ's motion for summary judgment as to BOP and denied the motion as to EOUSA without prejudice and with leave to supplement the record. Order [Dkt. # 58]; *see* Mem. Op. at 13 [Dkt. # 59] ("Mem. Op. I") (finding insufficient evidence on EOUSA's search for responsive records). Pending before the Court is DOJ's Renewed Motion for Summary Judgment [Dkt. # 62], which plaintiff has opposed [Dkt. # 69]. For the reasons explained below, the motion will be granted.

**I.  BACKGROUND**

As before, the Court is compelled "to identify the issues that are properly before it." Mem. Op. I at 6. In his opposition, plaintiff discusses matters unrelated to this supplemental record and this case. In the "Preliminary Statement," for example, plaintiff asserts that "EOUSA arbitrarily and capriciously withheld information under FOIA Exemptions 6, 7(c), and 7(f) in response to [his] various FOIA requests," Opp'n at 6, even though the remainder of this case

1

does not concern the withholding of information.[1]  The Court reiterates that it will not consider matters "beyond the scope of this litigation."  Mem. Op. I at 1-2.  Solely at issue is EOUSA's processing of the following two requests.

Request Number 2017-00301

In a letter to EOUSA dated October 24, 2016, plaintiff requested "copies of the untranscribed transcripts and tape recording of [his] criminal trial arraignment," which occurred on February 1, 2002, in the U.S. District Court for the Southern District of New York ("SDNY").  Decl. of Natasha Hudgins, Ex. A [Dkt. # 32-9 at 1].  By letter of November 28, 2016, EOUSA acknowledged the request as seeking first-party records and public records and extended the statutory response time based on its assessment of "unusual circumstances[.]"  Id., Ex. B.

By letter of November 16, 2017, EOUSA informed plaintiff that a search of the U.S. Attorney's Office for the SDNY for "a tape recording of your arraignment" had located no responsive records.  "That record," EOUSA explained, "is maintained at the courthouse where you were arraigned and not at the U.S. Attorney's Office for the Southern District of New York.  Furthermore, the District does not have a transcript of your arraignment, which is all that we would have been able to provide to you."  Id., Ex. C.  DOJ's Office of Information Policy affirmed EOUSA's decision by letter of March 16, 2018.  Id., Ex. D.

Request Number 2018-002349

In a letter to EOUSA dated January 21, 2018, plaintiff requested "copies of all payments made by me to [the] U.S. Attorney's Office of the Southern District," including "the dates they were made and the amount of each."  Hudgins Decl., Ex. E.  By letter of July 3, 2018, EOUSA

---

[1]  The page citations are the numbers automatically assigned by the electronic case filing system.

released "two pages . . . in full" and informed plaintiff that "the official records regarding restitution payments are judicial records, and can be retrieved from the Court where the proceedings took place." *Id*., Ex. I.

In this Court's initial proceedings, plaintiff questioned EOUSA's search for "audio tapes." Mem. Op. I at 13 (quoting Petrucelli Second Decl. ¶ 4 [Dkt. # 36 at 24]). The "sparse information" in EOUSA's declaration precluded a proper examination of the search. *Id*.; *see id*. at 7-8 (discussing review standard at summary judgment phase). DOJ has supplemented the record with the Declaration of Darian Hodge, FOIA Officer for the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), who has been that office's "point of contact" with EOUSA "since 2014." Supp. Hodge Decl. ¶ 1 [Dkt. # 62-2].

## II.  LEGAL STANDARD

At this stage of the proceedings, EOUSA "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The Court may rely on EOUSA's declaration if it is "reasonably detailed," sets "forth the search terms and the type of search performed," and avers "that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby,* 920 F.2d at 68) (internal quotation marks omitted)). Such declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted). "Once an agency has made a prima facie showing of adequacy, the burden shifts to the plaintiff to provide countervailing evidence . . .

sufficient to raise substantial doubt concerning the adequacy of the agency's search." *Rodriguez v. U.S. Dep't of Def.*, 236 F. Supp. 3d 26, 35 (D.D.C. 2017) (internal citation omitted).

Summary judgment is inappropriate if "the record leaves substantial doubt as to the sufficiency of the search[.]" *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (footnote and citations omitted). Substantial doubt may arise from, among other things, an agency's failure "to follow through on obvious leads to discover requested documents." *Valencia-Lucena*, 180 F.3d at 325 (citation omitted); *see id*. at 327 (finding grant of summary judgment inappropriate where the Coast Guard had informed the requester that additional responsive records "may be located" at the federal records center in Georgia but declined to search that location).

### III.  DISCUSSION

<u>Request Number 2017-00301</u>

Hodge states that in response to this request for a recording of plaintiff's arraignment, he "performed electronic searches in Lexis CourtLink (a public access platform for court electronic records) using the search term 'Petrucelli' in all possible permutations with 'John' 'John A.' 'John Anthony,' and the Lexis CourtLink results included the case number contained in FOIA Request 2017-301, Crim. No. 1:02-cr-99." Supp. Hodge Decl. ¶ 4 (parenthesis in original). Using the case number, Hodge then searched CaseView, which is "a district specific electronic database containing information about all of the cases (civil and criminal) handled by the SDNY." *Id*. Hodge discovered "that USAO-SDNY had sent sixteen boxes of records associated with 1:02-cr-99 to the Federal Records Center on 11/28/2011," which he retrieved utilizing "the accession number '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' placed on each of the sixteen boxes before they were sent to the Federal Records Center." *Id*. Based on the terms of the FOIA request "and the policies and

procedures followed by the USAO-SDNY for compiling official records for matters," Hodge "determined that the only location likely to contain an audio recording or transcript of the arraignment in criminal case 1:02-cr-99 was the case files that had been sent to the Federal Records Center in November 2011." *Id*.

After retrieving the sixteen boxes from the Federal Records Center, Hodge "searched each file in each box by hand" and "looked for any storage medium that might contain an audio recording," such as "a cassette tape or a microcassette tape." *Id*. ¶ 5. He also "searched for any optical storage media including CDs, and DVDs" and "examined each record to determine if it was, or included, a transcript of a court proceeding." *Id*. Hodge's supervisor "also reviewed the boxes looking for audio tapes and court transcripts." *Id*. Neither "located any audio recordings in any of the sixteen boxes," and the transcripts found were not of plaintiff's arraignment. *Id*. In addition, neither Hodge nor his supervisor saw "any indication that any order was placed by the USAO-SDNY for reproduction of the audio or preparation of a transcript of the arraignment." *Id*.

On April 17, 2017, Hodge emailed plaintiff's FOIA request to two Assistant United States Attorneys ("AUSA") assigned to "matters involving Plaintiff's filing of petitions under 28 U.S.C. § 2255," asking "if their files contained either an audio recording or a transcript of Plaintiff's arraignment." *Id*. ¶ 6. He "received an e-mail back from one of the AUSA, which copied the other AUSA, indicating that they did not know of any records responsive to Plaintiff's FOIA Request 2017-301." *Id*.

In response to this lawsuit, Hodge and his supervisor "again carefully, and independently of each other, reviewed the contents of the sixteen boxes of records from the SDNY's

5

prosecution of the Plaintiff" but "did not locate either an audio recording or a transcript of Plaintiff's arraignment." *Id.* ¶ 7.

Finally, Hodge prompted a search by the USAO-SDNY Systems Division of "all of the active computer network files using the search terms 'Petrucelli' in all possible permutations with 'John' 'John A.' 'John Anthony,'" which identified no responsive records, *id.* ¶ 8, and he "reviewed agency records involving other FOIA requests the Plaintiff had submitted in the past seeking records from USAO-SDNY in his criminal case," *id.* ¶ 9.

Hodge cites two revealing documents.  First, in the FOIA request at issue, plaintiff wrote: "I attempted to obtain these materials via court reporter Acti28-753.  I was given a tape my arraignment was not on.  I have no other avenue to use other than FOIA."  Supp. Hodge Decl., Ex. A.  Although Hodge did not recognize the purported identifier "as referring to or identifying any records within the SDNY," he "ran" it "as a search term in CaseView, which did not return any results."  Supp. Hodge Decl. ¶ 9.  Second, in an Affidavit, a licensed New York State Private Investigator recounts his visit to the federal courthouse on June 9, 2014, where he "obtained from courtroom technology unit personnel" the audio cassette recording of the February 1, 2002 "federal court arraignment proceeding pertaining to" plaintiff.  Supp. Hodge Decl., Ex. B.  The investigator "listened to [the recording] for any conversations, references and/or discussions related to . . . Mr. John Petrucelli" but "was unable to distinguish [] such conversations, references and/or discussions relating to Mr. John Petrucelli."  *Id*.  This led Hodge to surmise reasonably "that the district court's files do not contain an audio recording of Plaintiff's arraignment."  Supp. Hodge Decl. ¶ 10.

Plaintiff counters that "Hodge made no mention of searching for the transcript with the Court Reporter for the Southern District Reporters," Opp'n at 15, and "shows no attempt to

6

retrieve these documents or records from either Court Reporters, Courtroom Technology, or PACER[,]" *id*. at 16.  Plaintiff misapprehends FOIA, however.  Apart from the fact that federal courts, which employ court reporters and manage PACER, "are exempt from the reach of FOIA," *Byers v. United States Tax Court*, 211 F. Supp. 3d 240, 245 (D.D.C. 2016) (citing cases), FOIA imposes no duty on EOUSA to produce records that it did not maintain, possess, nor control at the time of the request.  *See Judicial Watch, Inc. v. U.S. Secret Serv*., 726 F.3d 208, 216-18 (D.C. Cir. 2013) (describing the scope of "agency records" subject to FOIA disclosure); *Yeager v. Drug Enf't Admin*., 678 F.2d 315, 321 (D.C. Cir. 1982) ("It is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request" or "to obtain or regain possession of a record in order to satisfy a FOIA request."); *see also Nat'l Veterans Legal Servs. Program v. United States*, 968 F.3d 1340, 1343-44 (Fed. Cir. 2020) (discussing the Judicial Conference's inception of PACER, which is "used today for online access to federal court dockets and case records" and operates as one of the federal judiciary's "self-funded services").

In contrast to plaintiff's assertion that "[d]efendant did a limited search," Opp'n at 14, the supplemental declaration establishes that EOUSA searched "all places likely to contain records responsive to FOIA Request 2017-301" and  exhausted "all obvious leads."  Supp. Hodge Decl. ¶ 11.  Therefore, the Court will now grant summary judgment to defendant on the adequacy of EOUSA's search for the requested recording and/or transcript of plaintiff's arraignment.

Request Number 2018-002349

In response to plaintiff's request for records pertaining to his restitution payments, Hodge "identified the Financial Litigation Unit ("FLU") as [ ] the only part of the office likely to have any responsive records because the FLU maintains a database" of  "information obtained from

7

the U.S. District Court for the Southern District of New York about restitution payments made pursuant to judgments of convictions entered in criminal cases." Supp. Hodge Decl. ¶ 13. Restitution payments are made "directly to the district court, and the USAO-SDNY does not maintain any paper records or files concerning restitution payments." *Id*. Nevertheless, "a data analyst in the FLU created and formatted a report using information about Plaintiff's restitution payments from the FLU database." *Id*. ¶ 14. On July 3, 2018, EOUSA provided plaintiff an unredacted "list of [his] restitution payments between January 10, 2011 and March 10, 2018." *Id*. & Ex. C. Therefore, any claim arising from plaintiff's request for restitution payment records is moot. *See Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016) (noting that "once all the documents are released to the requesting party, there no longer is any case or controversy" as to those documents).

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that EOUSA has satisfactorily discharged its obligations under FOIA. A separate judgment accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: October 15, 2020