# United States Court of Appeals

**For The District of Columbia Circuit**

_____

No. 20-5339                                          September Term, 2020

1:18-cv-00729-CKK

Filed On: June 30, 2021

John A. Petrucelli,

        Appellant

        v.

United States Department of Justice,

        Appellee

        **BEFORE:**     Wilkins, Rao, and Walker, Circuit Judges

## O R D E R

      Upon consideration of the motion to proceed on appeal in forma pauperis; and the motion for summary affirmance, the opposition thereto, and the supplement to the opposition, it is

      **ORDERED** that the motion to proceed in forma pauperis be dismissed as moot. On December 16, 2020, the district court granted appellant's motion for leave to proceed on appeal in forma pauperis. See Fed. R. App. P. 24(a)(2). It is

      **FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

      The district court correctly concluded that the Executive Office for United States Attorneys conducted an adequate search in response to appellant's Freedom of Information Act ("FOIA") requests. See Mobley v. CIA, 806 F.3d 568, 581 (D.C. Cir. 2015) ("Agency affidavits — so long as they are relatively detailed and non-conclusory — are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." (internal quotation marks omitted)). As for the requested Bureau of Prison ("BOP") records, appellant has forfeited any challenge to the district court's conclusions regarding the adequacy of BOP's searches. See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived."). Appellant has also forfeited any argument that BOP should have disclosed the requested records under the Privacy Act. See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-5339**                                                          **September Term, 2020**

settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (citation omitted)).  As for BOP's withholdings, appellant argues only that governmental misconduct warrants disclosure of the withheld materials.  The district court correctly concluded that appellant failed to show that disclosure was justified on that ground, because he did not "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  <u>Nat'l Archives & Records Admin. v. Favish</u>, 541 U.S. 157, 174 (2004).  Finally, the district court did not err in declining to consider any claims regarding appellant's FOIA requests to the Department of Justice's Office of Inspector General, as he did not raise such claims in his amended complaint, or move for leave to further amend the complaint to add them.  <u>See</u> Fed. R. Civ. P. 15(a).

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

                 **FOR THE COURT:**
                 Mark J. Langer, Clerk

BY:    /s/
           Manuel J. Castro
           Deputy Clerk